IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| AMBER DOE, | CV 23–88–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| SEQUOIA CAPITAL, ET AL., | |
| Defendants. | |

On July 28, 2023, pro se Plaintiff Amber Doe filed a motion for leave to proceed in forma pauperis (Doc. 1) and lodged a 309-page complaint naming more than 60 defendants, alleging 47 causes of action, and attaching over 1000-pages of exhibits including salacious images (which were sealed from the public docket). (*See* Docs. 2, 2-1, 2-2, 2-3.) The named defendants include Michael Lewis Goguen, a collection of lawyers and law firms with whom Plaintiff has ostensibly had dealings and various media entities including "Bloomberg companies [sic]," Rupert Murdoch, MSNBC, and Vox Media. (Doc. 2 at 2–4.) From what is discernable from the Complaint, Plaintiff seeks over $100 million in damages as well as other coercive extrajudicial orders.

1

I.      **Motion to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a), a civil proceeding may be commenced without prepayment of fees upon filing an affidavit showing inability to pay.  On July 28, 2023, Doe completed an "Application to Proceed in District Court without Prepaying Fees or Costs." (Doc.1).  The information provided in the application is sufficient to make the showing required by 28 U.S.C. § 1915(a) and the Court grants her request to proceed in forma pauperis.

II.     **Screening Requirement**

Because Doe is proceeding in forma pauperis, the Court must review her Complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  If so, the Complaint must be dismissed.  28 U.S.C. § 1915(e)(2).  To survive the pleading stage, a civil complaint must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   And to prevent "abusive or captious litigation," the IFP statute "authorizes federal courts to dismiss" any action that "is frivolous or malicious."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (cleaned up).  Frivolous complaints are those that "lack[] an arguable basis either in law or in fact."  *Id.*   And a "complaint is malicious if it suggests an intent

2

to vex defendants or abuse the judicial process by relitigating claims decided in prior cases." *Young Yil Jo v. Six Unknown Names Agents*, 2006 WL 3483429, at *1 (E.D. Cal. Dec. 1, 2006).

The Complaint fails all these pleading standards. It contains "incomprehensible rambling[s]" with no coherent factual allegations or intelligible legal claims. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). The Complaint is also a quintessential "shotgun pleading" which (1) fails to differentiate between defendants such that it is impossible to determine which defendant is accused of what, (2) provides no factual allegations that can be logically organized into each count of the complaint, and (3) contains many conclusory, vague, and immaterial facts unconnected to a particular cause of action. *Jaime v. Parts Auth. LLC*, 2021 WL 3055041, at *7 (D. Ariz. July 20, 2021). Such shotgun complaints may be summarily dismissed, *see Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 2015 WL 12777092, at *4 (C.D. Cal. Oct. 23, 2015), because even "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997).

## III. Leave to Amend

"When a case may be classified as frivolous or malicious, there is, by

3

definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000). Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (citations omitted). But here, there is no reason to believe the factual allegations could be remedied through amendment or more specific pleading because even the most liberation interpretation of the facts and law in the Complaint could not remedy its insufficiencies. *See Lopez*, 203 F. 3d at 1127 n.8. Thus, leave to amend the Complaint is denied as futile and this action is dismissed with prejudice. *See* Fed. R. Civ. P. 41(b); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 134 (9th Cir. 1987). Any pending motions may then be denied as moot.

DATED this 17 day of October, 2023.

_____
Donald W. Molloy, District Judge
United States District Court

4